UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DWIGHT R. DELEE,

                Petitioner,

  v.
                                              9:16-CV-0799
                                              (BKS)
SHERIFF EUGENE CONWAY,[1]

                Respondent.
_____

APPEARANCES:                                OF COUNSEL:

DWIGHT R. DELEE
#05000387
Petitioner, pro se
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13201

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

      Petitioner Dwight R. DeLee filed a letter, dated June 30, 2016, along with exhibits and a copy of a state court motion dated June 28, 2016. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits; Dkt. No. 1-2, Copy of State Court Motion to Dismiss Indictment ("Motion"). Petitioner asks the Court to read his state court motion, along with his letter, and accept them as a petition for a writ of habeas corpus. Pet. at 1-2. Petitioner paid the filing fee ($5.00).

---

[1] Petitioner states that he is "unlawfully detained and restrained of his liberty by Eugene Conway," the "Sheriff of Onondaga County," and that he is detained at the "Onondaga County Justice Center[.]" Dkt. No. 1, Petition at 1.

For the reasons that follow, this action is dismissed.[2]

## II. PETITIONER'S PAPERS

Petitioner states that he is a pre-trial detainee in the custody of Onondaga County Sheriff Eugene Conway, awaiting trial on state criminal charges. Pet. at 1. In his state court motion, petitioner explains that in 2008, an Onondaga County grand jury returned an indictment charging him with second degree murder as a hate crime, second degree murder, and third degree criminal possession of a weapon. Dkt. No. 1-2, Motion at 1-2. In 2009, a jury acquitted petitioner of both murder charges and the lesser included offense of first degree manslaughter, but convicted him of first degree manslaughter as a hate crime and third degree criminal possession of a weapon. *Id.* He was sentenced to serve 25 years in prison followed by 5 years post-release supervision. *Id.* at 2.

Petitioner states that in 2013, the Appellate Division held that the jury's verdict of guilty on first degree manslaughter as a hate crime, but not guilty of first degree manslaughter, was inconsistent and repugnant. Dkt. No. 1-2 at 2; *People v. DeLee*, 108 A.D.3d 1145, 1145-48 (4th Dep't. 2013). The Appellate Division reversed his conviction for first degree manslaughter as a hate crime, dismissed that count of the indictment, and as modified, affirmed. *DeLee*, 108 A.D.3d at 1145.

The People were granted permission to appeal by the New York Court of Appeals.

---

[2] The Court notes that petitioner's signature on his petition is cut off, and it does not appear that he signed it under penalty of perjury. Pet. at 2; *see* Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); *see* Rule 1(b), Habeas Rules (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). But this action will not be dismissed, nor will the Court require an amendment, solely on that ground. Pro se papers are to be read liberally, but "if it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rule 4, Habeas Rules; For the reasons set forth in this Decision and Order, this action is subject to dismissal regardless of whether petitioner complied with Rule (2)(c)(5).

2

Dkt. No. 1-2 at 3; *People v. DeLee*, 21 N.Y.3d 1047 (2013). The Court of Appeals agreed that the jury's verdict was repugnant, but held that dismissal of the first degree manslaughter as a hate crime charge was not the proper remedy. *People v. DeLee*, 24 N.Y.3d 603, 610-11 (2014). The court explained:

> There is no constitutional or statutory provision that mandates dismissal for a repugnancy error. Given that New York's repugnancy jurisprudence already affords defendants greater protection than the Federal Constitution requires, permitting a retrial on the repugnant charge upon which the jury convicted, but not on the charge of which the jury actually acquitted defendant, strikes a reasonable balance. This is particularly so given that a reviewing court can never know the reason for the repugnancy.

*DeLee*, 24 N.Y.3d at 610 (citation omitted). The Court of Appeals permitted the People to "resubmit the crime of first-degree manslaughter as a hate crime to a new grand jury." *Id.* Petitioner was apparently indicted by a new grand jury for first degree manslaughter as a hate crime, and awaits trial on that charge. Pet; Dkt. No. 1-2.

Petitioner appears to argue that first degree manslaughter and first degree manslaughter as a hate crime are the "same offense." Dkt. No. 1-2 at 5. Therefore, he claims that his acquittal of first degree manslaughter bars his re-trial on the charge of first degree manslaughter as a hate crime, and that his upcoming trial is in violation of his right to be free from double jeopardy under the Fifth Amendment to the United States Constitution. *See id.* at 5-9. He asks this Court to bar his re-trial on first degree manslaughter as a hate crime, and to dismiss the charge. Pet. at 2; Dkt. No. 1-2 at 6.

### III. DISCUSSION

State prisoners generally must bring challenges both to the execution of a sentence and to underlying convictions under 28 U.S.C. § 2254, which governs petitions filed by "a

3

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). In rare circumstances, state prisoners who are pretrial detainees may challenge state detention pursuant to section 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (state prisoner sought "only to demand enforcement of" Kentucky's "affirmative constitutional obligation to bring him promptly to trial" rather than to litigate constitutional defenses) (citation omitted); *Hoffler v. Bezio*, 726 F.3d 144, 155-57 (2d Cir. 2013) (state prisoner brought section 2241 petition to prevent New York from retrying him on murder charges arising out of the killing of a prosecution witness scheduled to testify against him at a later trial on drug charges.).

In this case, petitioner is a pretrial detainee, in the custody of the Onondaga County Sheriff's Department, who seeks a writ of habeas corpus to prevent the state from re-trying him for first degree manslaughter as a hate crime. *See* Pet. The petition therefore appears to be properly brought pursuant to Section 2241. *Hoffler*, 726 F.3d at 151 & n.5.[3]

Section 2241 does not explicitly require the exhaustion of state court remedies, but courts have required exhaustion to accommodate the principles of federalism. *United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir.1976) ("While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a

---

[3] In *Hoffler*, the district court ruled that the pretrial petition in that case was properly considered under 28 U.S.C. §2241 rather than 28 U.S.C. § 2254. *Hoffler v. Bezio*, 831 F. Supp. 2d 570, 574-75 (N.D.N.Y. 2011). Because that ruling was not challenged on appeal, the Second Circuit did not "decide whether pretrial habeas petitions can only be brought pursuant to § 2241." *Hoffler*, 726 F.3d at 151 n. 5.

4

requirement in order to accommodate principles of federalism."); *see Braden*, 410 U.S. at 490, 491-92 (concluding that Section 2241 petitioner exhausted state remedies by making repeated "demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial," but the state courts rejected his claims).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

In this case, petitioner failed to meet the exhaustion requirement. To properly exhaust a pretrial double jeopardy claim, a petitioner must move to dismiss the indictment in the state courts on double jeopardy grounds and, if the motion is denied, he or she must then commence a special proceeding pursuant to N.Y. C.P.L.R 7801 ("Article 78") restraining the court and the prosecutor from retrying him based on double jeopardy grounds. If the Article 78 petition is denied, petitioner must then seek leave to appeal that decision from the New York Court of Appeals. *See Hoffler*, 726 F.3d at 150 (explaining Section 2241 petitioner's

claims were exhausted because he moved to dismiss an indictment based on double jeopardy grounds and when the motion was denied, he filed an Article 78 petition and sought leave to appeal the denial of the Article 78 petition in the New York Court of Appeals); *Marte v. Berkman*, No. 1:11-CV-6082, 2011 WL 4946708 at *6 (S.D.N.Y. Oct. 18, 2011) ("It is undisputed that Petitioners exhausted their double jeopardy claim through the state court motion to dismiss the indictment, Article 78 proceeding, and subsequent appeals to the Appellate Division and New York Court of Appeals."), *aff'd* 480 F. App'x. 83 (2d Cir. 2012).

According to petitioner, the Onondaga County Court orally denied a motion to dismiss the charges against him based on double jeopardy grounds. Pet. at 2. It appears from petitioner's papers that the court may have done so on June 23, 2016. *See id.* But on June 28, 2016, petitioner filed in state court the motion attached to his petition, in which he seeks dismissal of the indictment on the same grounds he presents to this Court. Pet. at 2; Dkt. No. 1-2 at 1. There is nothing before the Court to indicate that the state court motion has been decided, much less that petitioner pursued an Article 78 petition to properly exhaust his claims. Because petitioner has state court remedies available to him, there is no basis to conclude that there is an "absence of available State corrective process" and/or circumstances exist that render that state corrective process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). He may not use a federal habeas petition to derail a pending state court criminal proceeding by attempting "to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493; *Younger v. Harris*, 401 U.S. 37, 43-48 (1971).

In sum, the exhaustion requirement has not been met, and the petition is dismissed.

*See* Rule 4, Habeas Rules ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *Roman v. Walsh,* No. 5:13-CV-1273 (GLS/ATB), 2014 WL 316724 at *6-7 (N.D.N.Y. Jan. 28, 2014) (explaining that a plaintiff could not bring a Section 2241 petition in an attempt to prohibit retrial on double jeopardy grounds because it "is unlikely that plaintiff obtained a decision on any appeal of Judge Brunetti's decision, nor does he state that he filed an Article 78 proceeding in an attempt to prohibit retrial.") (citing *Marte*, 2011 WL 4946708 at *3-4); *Johnson v. New York,* No. 1:12-CV-3213, 2012 WL 2861004 at *1-2 (E.D.N.Y. Jul. 11, 2012) (dismissing habeas petition challenging the petitioner's "ongoing criminal action in Queens County on speedy trial and double jeopardy grounds" for failure to exhaust state remedies).

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is

---

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").

7

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: July 12, 2016
    Syracuse, NY

Brenda K. Sannes
U.S. District Judge